**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

March 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JANET L. RICHARDSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0106** (BOR Appeal No. 2048535)
                    (Claim No. 2012008470)

**SPEEDWAY, LLC,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Janet L. Richardson, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Speedway, LLC, by Howard G. Salisbury Jr., its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 7, 2014, in which the Board reversed and vacated a June 28, 2013, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's April 16, 2012, decision denying Ms. Richardson's request for six weeks of permanent partial disability benefits for each 1% of her award. In its Order, the Office of Judges had reversed the claims administrator's decision and remanded the claim for further consideration of the resources available to Ms. Richardson including, but not limited to, vocational rehabilitation benefits and a functional capacity evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Richardson worked as a sales clerk for Speedway, LLC. On August 29, 2011, she was assaulted while at work. During the assault, her attacker shoved her repeatedly against a metal sink, which caused a significant bruise on her back. X-rays were taken of Ms. Richardson's back at Wheeling Hospital, which showed multilevel disc narrowing. The x-rays

1

did not reveal any acute compression. Ms. Richardson then came under the care of Heather Gibbons, FNP-BC, who found that she had full range of motion and released her to return to regular work duty without restrictions. Ms. Richardson returned to work on September 3, 2011, but she continued to receive evaluations from Ms. Gibbons. The claims administrator held Ms. Richardson's claim compensable for a back contusion and determined that she was only eligible for necessary medical treatment and expenses. An MRI was then taken of Ms. Richardson's lumbar spine and revealed multilevel degenerative disc disease and herniations. In light of these findings, Ms. Gibbons placed Ms. Richardson on light work duty and restricted her from lifting more than ten pounds or standing for more than two hours in an eight hour day. Speedway, LLC, was not able to accommodate these restrictions, and Ms. Richardson stopped working. Ms. Richardson was then treated by Matt El-Kadi, M.D., who diagnosed her with foraminal stenosis and several disc protrusions throughout the lumbar spine. Sushil M. Sethi, M.D., then performed an independent medical evaluation of Ms. Richardson. He found that she had reached her maximum degree of medical improvement and required no further medical treatment for her compensable contusion. Dr. Sethi determined that the MRI revealed age-related degenerative disc disease at multiple levels of her spine, and he attributed her ongoing symptoms to this condition. Dr. Sethi also found that Ms. Richardson had 5% whole person impairment related to her lumbar injury. The claims administrator granted Ms. Richardson a 5% permanent partial disability award based on Dr. Sethi's report. Following this award, Ms. Gibbons again evaluated Ms. Richardson. She found that Ms. Richardson was not currently working and recommended that she receive rehabilitation and a functional capacity evaluation in order to assist her in returning to work. Ms. Gibbons requested authorization for a functional capacity evaluation, but on March 7, 2012, the claims administrator denied authorization for the request. Ms. Richardson also requested that her permanent partial disability award be computed on the basis of six weeks for every one percent of disability. On April 16, 2012, the claims administrator denied Ms. Richardson's request. The claims administrator also denied Ms. Richardson's request for physical and vocational rehabilitation services on April 27, 2012.[1] On June 28, 2013, the Office of Judges remanded the claims administrator's decision for further consideration of vocational rehabilitation benefits including whether Ms. Richardson was entitled to a functional capacity evaluation. On January 7, 2014, the Board of Review reversed the Order of the Office Judges and reinstated the claims administrator's April 16, 2012, decision, leading Ms. Richardson to appeal.

The Office of Judges concluded that Ms. Richardson was not eligible for an additional two weeks of benefits for each percent of her 5% permanent partial disability award because she was released to return to work with restrictions. The Office of Judges found that Ms. Gibbons had restricted her to light duty work and that Speedway, LLC, could not accommodate those restrictions. It further found that, because she was released to return to work with restrictions, she did not qualify for extra benefits under West Virginia Code § 23-4-6(e)(2) (2005). However, the Office of Judges concluded that Ms. Richardson was entitled to additional consideration of the

[1] Ms. Richardson protested the claims administrator's March 7, 2012, decision denying authorization for a functional capacity evaluation and its April 27, 2012, decision denying physical and vocational rehabilitation benefits. In *Richardson v. Speedway, LLC*, Nos. 13-0082 & 13-0483 (June 27, 2014) (memorandum decision), this Court affirmed both claims administrator decisions as well as the closure of Ms. Richardson's claim for temporary total disability benefits.

available rehabilitation services needed to return her to suitable gainful employment, including a functional capacity evaluation. The Office of Judges noted that Ms. Richardson had previously been denied rehabilitation benefits, a functional capacity evaluation, and temporary total disability benefits, but it found that she was entitled to a second look at her rehabilitation options. It determined that Speedway, LLC, had not carried its shared responsibility under West Virginia Code § 23-4-9(a) (2005) in attempting to return Ms. Richardson to work.

The Board of Review concluded that the Order of the Office of Judges was affected by an error of law and was in excess of its statutory authority because it addressed issues that were no longer within its jurisdiction. The Board of Review, therefore, reversed the Office of Judges' Order and reinstated the claims administrator's decision denying Ms. Richardson's request for six weeks of permanent partial disability benefits for each percent of her award. The Board of Review determined that Ms. Richardson's entitlement to rehabilitation and a functional capacity evaluation had already been considered. It found that the Office of Judges no longer had jurisdiction to grant Ms. Richardson rehabilitation services or a functional capacity evaluation.

We agree with the conclusions of the Board of Review. Ms. Richardson has not demonstrated that she is entitled to have her 5% permanent partial disability award calculated at a rate of six weeks for each percent of the award. Ms. Richardson was released to return to work, but because she was restricted from performing the duties of her pre-injury job, she is not entitled to have her award calculated on the basis of six weeks of compensation under West Virginia Code § 23-4-6(e)(2). Her award should be computed based on the standard four week rate under West Virginia Code § 23-4-6(e)(1). Ms. Richardson has also not demonstrated that she is entitled to have her claim remanded to the claims administrator for additional consideration of vocational rehabilitation services or a possible functional capacity evaluation. Ms. Richardson's entitlement to vocational benefits, including a functional capacity evaluation, has previously been litigated and decided by this Court. *Richardson v. Speedway, LLC*, Nos. 13-0082 & 13-0483 (June 27, 2014) (memorandum decision). The June 28, 2013, Order of the Office of Judges is not consistent with this decision, and the Board of Review properly reversed it. The evidence in the record demonstrates that Ms. Richardson's need for vocational services including a functional capacity evaluation is related to non-compensable degenerative conditions and not her compensable lumbar contusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 27, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum